Evans, .1.
delivered the opinion of the Court.
There is no doubt the surety is not bound by a decree of the ordinary against an administrator. As to him the decree is not res judicata. It is, however, prima facie evidence against him, and he must discharge himself by proof. In this case, although it did not appear on the face of the decree, it was clear from the evidence, that- the share of Caroline Adams, of the land which had been allotted in the partition to W. L. Adams, the administrator, had been brought into the account. With this the defendant, as surety, could not be charged, for the obvious reason that it was not in his bond. It was, therefore, properly excluded in the verdict.— But the idea of the defendant’s counsel, and for which he insisted in his argument, seemed to be, that the account was to be expurgated on one side only, and that the credits were not examinable. But this cannot be. If the surety be entitled to have the amount charged for land, excluded from the *497 account, he cannot have the benefit of a payment made on account of the same land. The only question, therefore, in case is, how the payment made on account of the debt, for both the real and personal estate, is to be applied. The rule of appropriation seems to be that, if there be several debts, the debtor has a right to appropriate a payment to the discharge of any one of them. But if no specific appropriation be made, and none can be inferred, then the right belongs to the creditor receiving the money. If there be none by either party, then the law will apply it. (See C. J. Tindall, in the case of Mills v. Fowkes, 5 Bing. N. P. 435.)
14Law.Lib.
3 Dev. 265.
In Pitman on Principal and Surety, 113, it is said “if the creditor receive the payment, it must be on such terms as the debtor will pay it, however improper the application may be, and the payment will bind the security; the latter having no control whatever as to the way in which the principal thinks proper to make the payment.” This seems to be clearly the established rule. The only apparent exception is the case of Hill and Natt v. Childs. In that case the sheriff had two writs of fieri facias, in favor of the same plaintiff; one against the principal debtor alone, and the other against the same debtor and his surety. Money was raised by sale of defendant’s property, under both fi. fa’s.— It was decided it should be applied pro rata to both, and the defendant had no right to control its application.
In that case the payment was not voluntarily, but raised by legal process. In voluntary payments the debtor may withhold the payment, unless the creditor will accept it on his terms; but where money is raised under a fi. fa. the debtor has no control over it. It must be applied according to law. In this case Adams, the debtor, made a voluntary payment. It was paid and received on account of both debts, as the receipt abundantly shews. If he had applied it all to the land, as it was competent for him to do, the surety would have had no legal right to complain. But he applied it equally to both debts, as he should have done, and there was no other mode of appropriation but to apply it pro rata, as was done by the Circuit Court.
The motion is dismissed.
Richardson, J. — O’Neall, J. — Wardlaw, J. — and Frost, J. — concurred.

Motion refused.